IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

REGINALD BAKER,

      Petitioner,

v.                                        CASE NO. 5:11-cv-359-RS-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a memorandum in support. (Docs. 1, 2.)  The Respondent filed a response and an appendix with relevant portions of the state-court record.  (Doc. 16.)  Petitioner filed a reply.  (Doc. 17.)  Upon due consideration of the Petition and memorandum, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

Following a jury trial, Petitioner was convicted of sale or delivery of, or possession with intent to sell or deliver, cocaine.  (Respondent's Exhibit B.)  Evidence was presented at trial that Petitioner sold crack cocaine to a confidential informant, and a videotape of the transaction was shown to the jury.  (Exh. D.)  Petitioner was sentenced to 15 years imprisonment.  (Exh. B.)   Petitioner appealed his conviction and sentence, and the First DCA affirmed without opinion on September 4, 2009.  (Exh. I); *Baker v.*

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*State*, 22 So.3d 70 (Fla. 1st DCA 2009).  Petitioner filed a *pro se* Fla. R. Crim. P. 3.850

motion on December 24, 2009, and two subsequent amended petitions.  (Exh. L.)  The

trial court summarily denied the claims raised in Petitioner's 3.850 motion.  (Exh. L.)

Petitioner appealed, and the First DCA affirmed without opinion on February 3, 2011.

(Exh. O); *Baker v. State*, 53 So.3d 1023 (Fla. 1st DCA 2011).  Mandate issued on March

1, 2011.  (Exh. P.)  Petitioner also unsuccessfully challenged the effectiveness of his

appellate counsel and filed a successive state postconviction motion (Exhs. Q-CC.)

     The instant Petition, which Respondent concedes is timely, followed.  Petitioner

asserts 7 grounds for relief in his *pro se* Petition.  (Doc. 1.)

## Section 2254 Exhaustion Requirement

     Before bringing a habeas action in federal court, a petitioner must exhaust all

state court remedies that are available for challenging his conviction, either on direct

appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion

requires that prisoners give the state courts a "full and fair opportunity" to resolve all

federal constitutional claims by "invoking one complete round of the State's established

appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To

properly exhaust a federal claim, a petitioner must "fairly present" the claim in each

appropriate state court, thereby affording the state courts a meaningful opportunity to

"pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v.

Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

     When a petitioner fails to properly exhaust a federal claim in state court, and it is

obvious that the unexhausted claim would now be procedurally barred under state law,

the claim is procedurally defaulted.  *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir.

1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow, ___ U.S. ___,* 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529

U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require

citation of our cases-indeed, it does not even require *awareness* of our cases, so long as

neither the reasoning nor the result of the state-court decision contradicts them." *Early v.*

*Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's

decision was unreasonable must be assessed in light of the record the court had before

it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

      In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified

how the federal habeas court should address the "unreasonable application of law" and

the "unreasonable determination of facts" tests.  The court acknowledged the

well-settled principle that summary affirmances, such as the Florida First District Court of

Appeal's in this case, are presumed adjudicated on the merits and warrant deference.

*Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011),

and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A

judicial decision and a judicial opinion are not the same thing," and the Supreme Court

has confirmed that determining whether the state court unreasonably applied the law or

unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291

(citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely

addressed whether under the "unreasonable application" test a federal habeas court

"looks exclusively to the objective reasonableness of the state court's ultimate

conclusion or must also consider the method by which the state court arrives at its

conclusion." *Id*. at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002)

(summarizing the emerging circuit split)). The Eleventh Circuit concluded that district

courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

## Ineffective Assistance of Counsel

Because Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were

reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute

rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute

rules would interfere with counsel's independence–which is also constitutionally

protected–and would restrict the wide latitude counsel have in making tactical decisions."

*Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy,

[the Court] need not attempt to divine the lawyer's mental processes underlying the

strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en

banc). "No lawyer can be expected to have considered all of the ways [to provide

effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other
> reasonable courses of defense (that the lawyer did not think of at all)
> existed and that the lawyer's pursuit of course A was not a deliberate
> choice between course A, course B, and so on. The lawyer's strategy was
> course A. And [the Court's] inquiry is limited to whether this strategy, that
> is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's

unreasonable conduct might have had "some conceivable effect on the outcome of the

proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a

"reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id*. at 694. A "reasonable probability is defined

as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel

claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is

a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was

committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of

counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## Discussion

### *Grounds 1, 2, and 7: Unexhausted claims*

As discussed above, before Petitioner filed his Petition in this Court he was required to exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion required Petitioner to give the Florida state courts a "full and fair opportunity" to resolve all his federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted). A petitioner must "do more than scatter some makeshift needles in the haystack of the state court record"; a reasonable reader should be able to understand the factual and legal bases for the claim. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir.2005) (quotations and citations omitted). Grounds 1, 2, and 7 of the petition have not been properly exhausted in the state courts.

In Ground 1, Petitioner argues that he was denied due process of law when the prosecutor, during opening statements, made improper remarks to the jury that bolstered the key witness. (Docs. 1, 2.) Trial counsel first objected to the prosecutor's remarks concerning the confidential informant and key witness, who the prosecutor

described as "[A] crack addict, got 40 something felonies on her. She could have very easily gave up and said her life was over but instead, and the evidence will show, she rose like a phoenix from the ashes. She pulled herself up." (Exh. D, p. 20.) Trial counsel objected to the remarks: "Counsel is arguing instead of giving his, what he believes that the evidence is going to show and I would object to this line." (*Id.*). The Court overruled the objection, finding the statement to be a fair comment on the evidence. (*Id.*) The prosecutor next told of how the witness had moved to Colorado for a fresh start and while working at a hotel noticed there might be methamphetamines being made at the hotel. (Exh. D, p. 21.) Trial counsel objected on grounds of relevancy. (*Id.*) The court again overruled the objection.

Petitioner raised the issue in his direct appeal, arguing that rulings by the trial court "allowed the State to improperly present argument in opening statements." (Exh. F, p. 14.) Petitioner cited Florida law in support of his contention that the prosecutor improperly argued in the opening statements, and made no reference at all to federal law or the U.S. Constitution. (Exh. F.) Petitioner did not present Ground 1 as a federal issue in the state courts.

Ground 2 of the instant petition–wherein Petitioner challenges the jury instructions on the charged offense–was also not properly presented as a federal issue in the state courts. Petitioner was charged by information with violating Fla. Stat. § 893.13(1)(a), in that he "did knowingly and unlawfully sell, manufacture, deliver or possess with intent to sell, manufacture, or deliver of crack cocaine." (Exh. B, p. 1.) The jury was instructed that the charged offense was "sale or delivery of or possession with intent to sell or deliver a controlled substance." (Exh. D.) During the charge conference, trial counsel

questioned whether the charge for sale or possession with intent to sell should be separate. The trial court ruled that for the purposes of the statute, sale and possession with intent to sell were the same.[2] On direct appeal, Petitioner argued that the trial court misstated the law in instructing the jury. Petitioner cited Florida law in support of his contention that the trial court misstated the law, and made no reference at all to federal law or the U.S. Constitution. (Exh. F.) Petitioner did not present Ground 2 as a federal issue in the state courts.

Finally, in Ground 7 of the instant petition, Petitioner challenges the constitutionality of the statute under which he was convicted. Petitioner attempted to raise this issue in a state habeas petition seeking a belated appeal. (Exh. X.) That petition was denied on procedural grounds, with the First DCA citing *Baker v. State*, 878 So. 2d 1236, 1237 (Fla. 2004), which explained how habeas petitions filed by noncapital defendants seeking relief that can only be obtained by a 3.850 motion would be disposed. The Florida Supreme Court in *Baker* held: "Henceforth, we will dismiss petitions in which we can clearly discern either that the claims raised therein are procedurally barred or that the petition does not comply with the requirements of the rule." (*Id.*) Thus, Petitioner did not fully and fairly present the issue raised in Ground 7 in the state courts.

Petitioner failed to exhaust his available state remedies as to Grounds 1, 2, or 7, and they are now procedurally defaulted. Federal habeas courts are precluded from

---

[2] The trial court instructed the jury on the elements necessary to find Petitioner guilty of "sale or delivery of or possession with intent to sell or deliver a controlled substance. . ." (Exh. D, p. 176.) The verdict form indicated that Petitioner was found guilty of "Sale or Delivery of or Possession with Intent to Sell or Deliver a Controlled Substance" (Exh. B, p. 21.)

reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. Petitioner does not allege, nor has he demonstrated, that he can show cause for his failure to properly present Grounds 1, 2, and 7 to the state courts, or that a fundamental miscarriage of justice would occur if these claims were not considered by this Court. Accordingly, each of Grounds 1, 2, and 7 in the instant habeas Petition was unexhausted in state court, and each of those claims for relief is procedurally barred and, thus, it is inappropriate for this Court to consider these claims on federal collateral review.

However, the Court will consider Petitioner's remaining claims (3, 4, 5, and 6), as these claims were exhausted in the state court and are properly considered on federal collateral review.

### Ground 3: Ineffective Assistance - Failure to file a motion to suppress

Petitioner contends that trial counsel rendered ineffective assistance by failing to file a motion to suppress the cocaine under a chain of custody theory due to possible tampering. (Docs. 1, 2.) In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that counsel was ineffective for failing to object to the chain of custody for the crack cocaine introduced at trial due to probable tampering of evidence. However, Defendant's allegations fail to establish either prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). . . Defendant's claim is without merit and refuted by the attached record. (*See* attached Trial Transcript Excerpt at pp. 25-38, 101-105). Specifically, counsel denied any knowledge of evidence to suggest possible tampering when questioned by the Court at a side bar conference. (*See Id.* at pp. 101-102). Thus, counsel is not ineffective for failing to file motions that have no merit. *See Owen v.*

*State*, 986 So. 2d 534, 554 (Fla. 2008); *Magill v. State*, 457 So. 2d 1367 (Fla. 1984).

(Exh. L, pp. 51.)  The First DCA *per curiam* affirmed without written opinion.  (Exh. O.)

Petitioner's claim is without merit.  First, trial counsel did in fact object to the chain of custody of the cocaine at trial.  (Exh. D, p. 101, 104.)  Furthermore, in a sidebar conference, trial counsel was asked by the court if she had any evidence of tampering.  Trial counsel advised that she did not have any such evidence.  (R. 101-102.)  Under Florida law ,"[r]elevant physical evidence is admissible unless there is an indication of probable tampering."  *Peek v. State*, 395 So. 2d 492, 495 (Fla. 1980).  "This is a test for determining whether the chain of custody is established.  In order to demonstrate probable tampering, the party attempting to bar evidence must show that there was a probability that the evidence was tampered with–the mere possibility is insufficient." *Armgstrong v. State*, 73 So.3d 171 (Fla. 2011) (citing *Murray v. State (Murray I),* 838 So. 2d 1073, 1082-83 (Fla. 2002)).  Petitioner contends that because what was one rock of crack cocaine returned from the laboratory in several pieces, tampering occurred.  However, at trial, a Florida Department of Law Enforcement analyst testified that this was "not anything uncommon," because the crack cocaine rocks could crumble during testing and transportation.  (Exh. D, pp. 103-104.)  Trial counsel cannot be deemed deficient for failing to file a motion that would have been meritless, especially where she did not have any evidence of tampering.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### *Ground 4: Ineffective Assistance - Failure to object to jury form*

Petitioner contends that his trial counsel rendered ineffective assistance in failing to object to an improper jury form or file a motion for a new trial.  Petitioner contends that he was charged with "sale and delivery" of cocaine, which is distinct from "possession with intent to sell" and the jury form improperly charged him with two separate offenses (Docs. 1, 2.)   In rejecting this claim on postconviction review, the state court concluded that Defendant's conclusory allegations did not warrant relief, and furthermore, his allegations were refuted by the record.  (Exh. L, p. 52) (citing to pp. 128-36 and 175-89 of the trial transcript, as well as the information and the jury's verdict).  The First DCA *per curiam* affirmed without written opinion.  (Exh. O.)

The information charged Petitioner with violating Fla. Stat. § 893.13(1)(a), alleging that he "did knowingly and unlawfully sell, manufacture, deliver or possess with intent to sell, manufacture, or deliver of crack cocaine," a second degree felony.  (Exh. B  P. 1.) The language in the information tracked the language of the statute.  The trial court instructed the jury on the elements necessary to find Petitioner guilty of "sale or delivery of or possession with intent to sell or deliver a controlled substance. . ."  (Exh. D, p. 176.) The verdict form indicated that Petitioner was found guilty of "Sale or Delivery of or Possession with Intent to Sell or Deliver a Controlled Substance" (Exh. B, p. 21.)  The information, instructions, and verdict form all track the language of the statute.

Petitioner's conclusory allegations that the jury verdict form was "duplicitous" and violated his Due Process rights or the Double Jeopardy Clause do not warrant federal habeas relief.  AEDPA requires a state prisoner to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was

an error . . . beyond any possibility for fairminded disagreement.'" *Harrington v. Richter,* 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). The facts recited by Plaintiff in no way suggest that the state court's determination of this claim is subject to fairminded disagreement.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### *Ground 5: Ineffective Assistance - Failure to move to suppress video*

Petitioner contends that his trial counsel rendered ineffective assistance in failing to move to suppress the videotape of the drug transaction. Petitioner suggests that there was evidence of tampering and problems with the chain of custody. (Docs. 1, 2.) In rejecting this claim on postconviction review, the state court concluded:

> Defendant alleges that trial counsel was ineffective for failing to file a motion to suppress the video tape of the controlled buy due to the State's inability to establish chain of custody based upon probable tampering. However, Defendant's allegations fail to establish either prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, Defendant's allegations are conclusory in nature to warrant relief. *See Kennedy v. State*, 547 So. D 912 (Fla. 1989). Since the Defendant was either unable or unwilling to cure the deficiency, his insufficient claim is denied with prejudice. *See Nelson v. State*, 977 So. 2d 710 (Fla. 1st DCA 2008). Despite the foregoing, Defendant's allegations are refuted by the attached record. (*See* attached Trial Transcript Excerpt at pp. 42-50, 72-82). Therefore, counsel is not ineffective for failing to file motions that have no merit. *See Owen v. State,* 986 So. 2d 534, 554 (Fla. 2008); *Magill v. State*, 457 So. 2d 1367 (Fla. 1984).

(Exh. L, p. 52.) The First DCA *per curiam* affirmed without written opinion. (Exh. O.)

As discussed in Ground 3, above under Florida law ,"[r]elevant physical evidence is admissible unless there is an indication of probable tampering." *Peek v. State*, 395 So. 2d 492, 495 (Fla. 1980). "This is a test for determining whether the chain of custody

is established. In order to demonstrate probable tampering, the party attempting to bar evidence must show that there was a probability that the evidence was tampered with–the mere possibility is insufficient." *Armgstrong v. State*, 73 So.3d 171 (Fla. 2011) (citing *Murray v. State (Murray I),* 838 So. 2d 1073, 1082-83 (Fla. 2002). Here, Petitioner has pointed to no evidence of tampering. The sequence of the files was explained at trial. (R. 42-50.) Trial counsel cannot be deemed deficient for failing to file a motion that would have been meritless, especially where there is nothing more than Petitioner's speculation that tampering occurred.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Ground 6: Ineffective Assistance - Failure to move for discharge under state speedy trial rule

Petitioner contends that his trial counsel rendered ineffective assistance by failing to move for discharge under Florida's speedy trial rule. (Doc. 1, p. 5.) In rejecting this claim on postconviction review, the state court concluded that Petitioner failed to meet either prong of *Strickland* and his allegations were too conclusory in nature to warrant relief. (Exh. L, p. 53.). The First DCA *per curiam* affirmed without written opinion. (Exh. O.)

In Florida, a defendant charged with a felony should be brought to trial within 175 days of arrest. Fla. R. Crim. P. 3.191(a). However, the rule is not self-executing; after the 175-day speedy trial period has expired, the defendant must file a Notice of Expiration of Speedy Trial to trigger the provisions of the rule. The defendant is then

entitled to trial within a 15-day recapture period. Fla. R. Crim. P. 3.191(g), (p).[3] The court will generally not order a trial under Rule 3.191 within the shortened time period, however, if certain exceptions apply, including when the failure to hold the trial is attributable to the accused or their counsel. However, a defendant can waive the right to speedy trial, and a defense attorney can waive speedy trial on her client's behalf, even against his wishes. *See, e.g., MacPhee v. State*, 471 So. 2d 670, 671 (Fla. 2d DCA 1985).

Petitioner was arrested and had his first appearance on August 4, 2007, and went to trial on March 31, 2008. (Exh. B.) The record reflects that there was a substitution of defense counsel in February 2008, and a motion to continue by the State was granted that month due to witness unavailability. (Exh. B.) Furthermore, Petitioner's trial counsel was still taking depositions in March 2008. (Exh. EE.)

Trial counsel cannot be deemed deficient for failing to push the State to bring Petitioner to trial where new defense counsel had recently been substituted and was still obtaining discovery. Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. Petitioner has failed to demonstrate that the proceedings would have had a different outcome if trial counsel invoked his speedy trial rights pursuant to Rule 3.191. First, he has not shown that the trial court would have ordered that Petitioner be brought to trial within 10 days, pursuant to Rule 3.191(p). Even if the

---

[3] Prior to the amendment of Fla. R. Crim. P. 3191 in 1984, if the default period expired, the defendant was generally entitled to automatic discharge upon motion. The rule was amended to reflect the recapture period, which "illustrates the principle that a defendant has a right to speedy trial, not a right to speedy discharge without trial." *State v. Nelson*, 26 So.3d 570, 576 (Fla. 2010).

trial court did order trial, Petitioner has failed to demonstrate that there is a reasonable probability the State would have failed to bring him to trial within the recapture period.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2.   A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 15ᵗʰ day of January 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**<u>NOTICE TO THE PARTIES</u>**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.